
$6250.00


HB

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Kimberlie D. Webb<br>29 E. Walnut Lane<br>Philadelphia, PA 19144<br>    Plaintiff, | |
| v. | CIVIL ACTION<br><br>No.: 05CV5238 |
| Sylvester Johnson, Police Commissioner<br>in his official capacity as Police<br>Commissioner with the Philadelphia<br>Police Department, having a principal<br>office located at the<br>Police Administration Building<br>8th and Race Streets<br>Philadelphia, PA 19106<br><br>City of Philadelphia<br>and<br>City of Philadelphia Police Department<br>1515 Market Street<br>Philadelphia, PA 19102<br>    Defendants | |


FILED
OCT 5 2005
MICHAEL E. KUNZ, Clerk
By ___ Dep. Clerk

## CIVIL ACTION

### (JURISDICTION AND VENUE)

1. Plaintiff Kimberlie D. Webb brings the instant action pursuant to Title VII of the Civil Rights Act of 1964, 42 USC 2000e-16(c); 28 U.S.C Section 1343, as this case involves an Act of Congress providing for the protection of civil rights and 28 U.S.C. Section 1331, as this case involves a federal question. Plaintiff is further pending a state claim under the Pennsylvania Religious Freedom Protection Act ("RFPA"), 71 P.S. Section 2402 et seq., to the instant matter.

2. Pursuant to 42 U.S.C Section 20003-5(f)(3), venue is proper in the Eastern District of Pennsylvania where the unlawful employment practices complained of arose.

3. Pursuant to 28 U.S.C. 1391 (B) and (C), venue of this suit is



proper in this district as the claim arose within the Eastern District of Pennsylvania, and the amount in controversy exceeds $100,000.00

**WHEREFORE**, Plaintiff Kimberlie D. Webb demands judgment against Defendants for compensation including actual damages, compensatory damages, punitive damages, attorney fees and litigation costs.

## (**PARTIES**)

4. Plaintiff Kimberlie D. Webb is an African-American adult individual and citizen of the Commonwealth of Pennsylvania residing at 29 E. Walnut Lane, Philadelphia, PA. 19144.

5. Defendant City of Philadelphia is a municipal agency of the Commonwealth of PA and owns, operates, manages directs and controls the Philadelphia Police Department. The Philadelphia Police Department is an agency of the City and Sylvester Johnson is the Commissioner of the Philadelphia Police Department providing police protection for the City of Philadelphia.

**WHEREFORE**, Plaintiff Kimberlie D. Webb demands judgment against Defendants, Sylvester Johnson, City of Philadelphia and City of Philadelphia Police Department for compensation including actual damages, compensatory damages, punitive damages, attorney fees and litigation costs.

## **FACTS**

6. Plaintiff Kimberlie D. Webb was hired into the position of police Officer by Defendant City of Philadelphia Police Department in May 1995. Plaintiff was assigned to the 35th District.

7. Plaintiff's religion is and at all times at issue has been Islam.

8. Plaintiff's religious beliefs require that she wear a Khimar, a Muslim head covering.

9. Plaintiff in 1998 requested orally that she be allowed to wear a Khimar while performing her police officer related duties. Plaintiff's request was denied and she was informed of said denial by Sergeant Thomas. Sergeant Thomas, in denying Plaintiff's request informed her that wearing a khimar would be detrimental to health in that someone could pull off the covering and choke her with it.

10. Plaintiff on February 11, 2003 requested in writing that she be allowed to wear a Khimar while performing her police officer related duties. Captain Michael Murphy denied Plaintiff's request and did not offer a reason for his denial.

11. Plaintiff could have worn a snap off Khimar under her police hat without endangering her safety or violating standard dress for police officers. However, she was not allowed to do such.

12. Plaintiff on February 28, 2003 filed a complainant of Religious Discrimination with the Philadelphia Human Relations Commission. This charge was dual filed with the Equal Employment Opportunity Commission.

13. Since the complaint was filed, Defendant has engaged in an ongoing course of retaliatory conduct designed to punish Plaintiff for filing said complaint and asserting her constitutional rights.

14. Plaintiff, was sent home from work on three consecutive days, received written reprimands and threatened with dismissal from her job.

15. On August 25, 2003 Defendant brought charges against Plaintiff. These charges were retaliatory and designed to suppress Plaintiff's attempt to exercise her Constitutional Rights.

16. Thereafter, Plaintiff was brought before a Police Disciplinary Board on or about January 2004.

17. On or about March 13, 2004 the Police Commissioner approved the Police Disciplinary Board recommendation in which Plaintiff was <u>suspended without pay for thirteen (13) working days</u>. This suspension was a direct result of Plaintiff asserting her religious and constitution rights pursuant to Title VII.

18. On or about December 2003 Plaintiff was re-investigated and charged for an incident that happened in November 2002 and had been previously investigated and closed.

19. On or about February 18, 2004, Plaintiff was forced to attend a Police Disciplinary Board Hearing wherein she received a <u>reprimand</u> for an incident wherein another police officer admitted to the error. This entire process was initiated in retaliation for filing an EEOC complaint.

20. On or about January 2004, Plaintiff was suddenly transferred off her regular (12am-8am) work shift to a different shift without proper notice

and apparently as retribution for asserting her religious and constitutional rights. Plaintiff worked this shift for approximately seven (7) years. Said transfer caused substantial hardship and violate the Police Department guidelines and the collective bargaining agreement between the Fraternal Order of Police and City of Philadelphia.

21. Plaintiff was one of several police officers scheduled to receive Merit Commendation Awards at an awards ceremony on or about January 21, 2004. However, Plaintiff's supervising officers and/or commanding officer intentionally failed to notify her of this honor or that she was a recipient. Instead Plaintiff was handed her award without fanfare or recognition one week later.

22. Plaintiff's supervising officers have made it clear to her that she will remain under fire and that they would break her financially until she drops her claim.

23. Plaintiff was subjected to retroactive discipline in retaliation for filing her EEOC complaint including being removed from Safe Streets; loss of overtime; having her patrol car taken and assigned to foot patrol; retroactive discipline for alleged abuse of sick time when no abuse occurred.

24. Plaintiff had previously worked "Safe Streets" for several years earning overtime pay. Defendant, in retaliation for Plaintiff having filed an EEO complainant against it, has prevented Plaintiff from working overtime. Plaintiff has consequently lost thousands of dollars in overtime pay.

25. In April 2004 Plaintiff was given a negative, unsatisfactory performance evaluation by her superior officers (Sgts. King and McCloskey) for alleged abuse of sick time. Plaintiff however did not abuse the written sick leave policies and instead complied with the guidelines and the regular practices within the Police department. These abuses were never mentioned in any prior performance evaluations for the years 2002 through 2003.

26. Plaintiff, prior to filing her EEOC Complaint, had always received "satisfactory performance evaluations" and her attendance and/or job performance was never a problem.

27. Plaintiff was retroactively investigated and disciplined by Defendant concerning an incident wherein another police officer failed to secure a victims property (i.e. television) after Plaintiff had left the crime scene.

28. Plaintiff submits that Defendant has created a hostile work environment as a result of the incidents cited above and ongoing. This hostile work environment was created in retaliation for Plaintiff's prior EEO activity.

29. Defendant has agreed to accommodate the religions beliefs of male Muslim employees (allowed to wear beards). Defendant has however refused to accommodate the religious beliefs of Plaintiff, a female Muslim employee, by allowing her to wear her Khimar during the performance of her duties as a police officer.

30. Plaintiff received a Right to Sue Notice dated July 8, 2005 on July 13, 2005.

31. Plaintiff has exhausted all administrative remedies prior to filing the instant matter.

## FIRST CAUSE OF ACTION
## TITLE VII--RELIGIOUS DISCRIMINATION

32. Plaintiff incorporates paragraphs 6-32 of this complaint by reference hereto.

33. Defendant intentionally discriminated against Plaintiff based on her religion by refusing to accommodate her religions beliefs as described in paragraphs 6-32 of the complaint. Moreover, upon proper notification by Plaintiff to Defendant's agents, Defendant failed to remedy the situation. Such conduct by Defendant was taken in violation of Title VII of the Civil Rights Act of 1964, as amended, and in reckless indifference to Plaintiff's federally protected rights.

34. Plaintiff, as a result of Defendant's intentional discriminatory conduct, has suffered damages in the form of pain, suffering, emotional distress, loss of the enjoyment of life and loss of wages.

**WHEREFORE**, Plaintiff Kimberlie D. Webb demands judgment against Defendants, Sylvester Johnson, Police Commissioner, City of Philadelphia and City of Philadelphia Police Department for compensation including actual damages, compensatory damages, punitive damages, attorney fees and litigation costs.

## SECOND CAUSE OF ACTION
## RETALIATION /HOSTILE WORK ENVIRONMENT

35. Plaintiff incorporates paragraphs 6-32 of this complaint by reference hereto.

36. Defendant intentionally retaliated against Plaintiff for engaging in protected activities. Such conduct by Defendant was taken in violation of Title VII of the Civil Rights Act of 1964, as amended, and in reckless indifference to Plaintiff's federally protected rights. Said conduct seriously interrupted and threatens her police career, negatively affected her status and professional reputation within the department, diminished her employment and advancement opportunities and had financial repercussions.

37. Plaintiff, as a result of Defendant's intentional retaliatory conduct, has suffered damages in the form of pain, suffering, emotional distress, loss of the enjoyment of life and loss of wages.

**WHEREFORE**, Plaintiff Kimberlie D. Webb demands judgment against Defendants, Sylvester Johnson, Police Commissioner, City of Philadelphia and City of Philadelphia Police Department for compensation including actual damages, compensatory damages, punitive damages, attorney fees and litigation costs.

## THIRD CAUSE OF ACTION
## SEX DISCRIMINATION

38. Plaintiff incorporates paragraphs 6-32 of this complaint by reference hereto.

39. Defendant intentionally discriminated against Plaintiff based on her sex when Defendant accommodated the religious needs of its male employees and failed to accommodate the religious need of Plaintiff, a female employee. Such conduct by Defendant was taken in violation of Title VII of the Civil Rights Act of 1964, as amended, and in reckless indifference to Plaintiff's federally protected rights.

40. Plaintiff, as a result of Defendant's intentional discriminatory conduct, has suffered damages in the form of pain, suffering, emotional distress, loss of the enjoyment of life and loss of wages.

**WHEREFORE**, Plaintiff Kimberlie D. Webb demands judgment against Defendants, Sylvester Johnson, Police Commissioner, City of Philadelphia and City of Philadelphia Police Department for compensation including actual damages, compensatory damages,

punitive damages, attorney fees and litigation costs.

## FOURTH CAUSE OF ACTION
## SUPPLEMENTAL STATE CLAIMS

41.  Plaintiff incorporates paragraphs 6-32 of this complaint by reference hereto.

42.  Defendant intentionally discriminated against Plaintiff based on her religion by refusing to accommodate her religions beliefs as described in paragraphs 6-32 of the complaint. Moreover, upon proper notification by Plaintiff to Defendant's agents, Defendant failed to remedy the situation. Such conduct by Defendant was taken in violation of the **Pennsylvania Religious Freedom Protection Act ("RFPA")**, 71 P.S. Section 2402 et seq.

43.  Plaintiff, as a result of Defendant's intentional discriminatory conduct, has suffered damages in the form of pain, suffering, emotional distress, loss of the enjoyment of life and loss wages.

**WHEREFORE**, Plaintiff Kimberlie D. Webb demands judgment against Defendants, Sylvester Johnson, Police Commissioner, City of Philadelphia and City of Philadelphia Police Department for compensation including actual damages, compensatory damages, punitive damages, attorney fees and litigation costs.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that this court:

44.  Issue a declaratory judgment that the acts, policies, practices, and procedures of Defendants violated the rights of Plaintiff under Title VII of the Civil Rights Act of 1964, as amended, 42 USC Section 2000(e)-16(c) and the Pennsylvania Religious Freedom Protection Act.

45.  Issue a permanent injunction against future acts, policies, practices and procedures volatile of Title VII of the Civil Rights Act of 1964, as amended, 42 USC Section 2000(e)-16(c) and the Pennsylvania Religious Freedom Protection Act by Defendants.

46.  Order Defendants to make Plaintiff whole by providing appropriate back pay in an amount to be shown at trial, compensatory damages in the amount of $300,000.00, punitive damages in the amount of $500,000.00, and other benefits and

expenses in an amount to be shown at trial;

47. Grant to Plaintiff her attorney fees, costs and disbursements as provided by 42 USC Section 2000e-5(k) and any other applicable statutes;

48. Grant to Plaintiff whatever other relief this Court deems necessary and proper.

**Plaintiff Demands A Jury Trial As To All Triable Issues.**

**WHEREFORE**, Plaintiff Kimberlie D. Webb demands judgment against Defendants, Sylvester Johnson, Police Commissioner, City of Philadelphia and City of Philadelphia Police Department for compensation including actual damages, compensatory damages, punitive damages, attorney fees and litigation costs.

Respectfully Submitted,

_____

Lance D. James
ID No. 45986
807 N. 63rd St., 1st Floor
Philadelphia, PA 19151
Tel. 215-477-4700
Fax. 215-689-0507


_____

Craig L. Thorpe
ID No. 39068
807 N. 63rd St., 1st Floor
Philadelphia, PA 19151
Tel. 215-689-0500
Fax. 215-689-0507

Of Counsel

Lorenzo Cobb
ID No. 1019398
4710 Allison Drive
Sugarhill GA, 30518
Tel - (770) 271-7093
Fax - (770) 271-7093

Dated this 3rd day of October, 2005

## **VERIFICATION**

I, **KIMBERLIE WEBB,** being duly sworn according to law deposes and says that I am the plaintiff; that all the facts in this document are true and correct to the best of my knowledge, information and belief; that I understand that false statements are made subject to the penalties of 18 PA. C. S. Section 4904 relating to unsworn falsification to authorities.


DATE: 9-30-05

_Kimberlie Webb_
**KIMBERLIE WEBB**